# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SULTAN STEPHON BURNS,

    Plaintiff,

    v.

M. MIRANDA and ALASKA DEPARTMENT OF CORRECTIONS,

    Defendants.

Case No. 3:20-cv-00227-JMK

## ORDER DIRECTING SERVICE AND RESPONSE

Sultan Stephon Burns, a self-represented state prisoner, has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983, alleging retaliation for filing a grievance.[1] As a prisoner litigant, Mr. Burns's Complaint is subject to screening under 28 U.S.C. § 1915(e). The Complaint, liberally construed,[2] appears to state

---

[1] Docket 1.

[2] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

a plausible claim[3] for the violation of Mr. Burns's First Amendment rights under the U.S. Constitution against Assistant Superintendent Miranda.[4]

Mr. Burns also names the Alaska Department of Corrections as a defendant. However, a State or a state agency is not a "person" under Section 1983.[5] Therefore, the Alaska Department of Corrections is not a proper defendant and is terminated from this suit.

This Court has jurisdiction under 28 U.S.C. § 1343.

**IT IS THEREFORE ORDERED:**

1. The Alaska Department of Corrections is terminated as a defendant.

2. The Clerk of Court is directed to change the caption of this suit to reflect M. Miranda as the only defendant, and the case is to be renamed *Burns v. Miranda*.

3. Mr. Burns is directed to use the updated caption on all future motions and filings.

---

[3] *See Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011) ("While the pleading standard for Rule 8(a) is liberal, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'. . . In *Iqbal,* the Court noted that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)).

[4] *See* Docket 1.

[5] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) ("'States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are 'not persons' under 1983.'") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

Case No. 3:20-cv-00227-JMK, *Burns v. Miranda*
Order Directing Service and Response
Page 2 of 7
Case 3:20-cv-00227-JMK   Document 8   Filed 11/06/20   Page 2 of 7

4. The Application to Waive Prepayment of the Filing Fee is **GRANTED**. A separate order shall issue regarding collection of the filing fee.

5. Mr. Burns's Complaint was subject to screening and service must be effectuated in accordance with this order. Accordingly, the Motion for Entry of Default is **DENIED AS PREMATURE**.

6. Prior to docketing this order, the Clerk of Court shall provide electronic notice via CM/ECF to the State of Alaska, Civil Division, of all orders and documents issued in this case.

7. The Clerk of Court shall <u>immediately</u> send a copy of this order and the Complaint to:

> Mandee Mlcek
> Assistant Attorney General
> Civil Division
> 1031 W. 4th Ave.
> Anchorage, Alaska 99501

8. On or before 21 days from the date of service of this order, the Attorney General for the State of Alaska or his designee shall file an appearance for each named Defendant that the Attorney General has decided to represent.

9. Each Defendant represented by the Attorney General for the State of Alaska shall have 60 days after the entry of appearances to file an Answer or otherwise respond. The Court will issue an additional order with service instructions for any Defendant that the Attorney General of the State of Alaska has not appeared for.

Case No. 3:20-cv-00227-JMK, *Burns v. Miranda*
Order Directing Service and Response
Page 3 of 7
Case 3:20-cv-00227-JMK   Document 8   Filed 11/06/20   Page 3 of 7

10. At all times, Mr. Burns shall keep the Court informed of any change of address. Such notice shall be titled "Notice of Change of Address."[6] The Notice shall contain **only** information about the change of address, and its effective date. The Notice shall not include requests for any other relief. Failure to file the Notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

11. After service of the Complaint, all future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff and name of the first the Defendant, and the title of the document, as illustrated on the first page of this order.[7]

12. Mr. Burns shall serve a copy of all further filings submitted to the Court upon each Defendant or, if an appearance has been entered by counsel for Defendant, on the Defendant's attorney(s). Mr. Burns shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to the Defendant or her counsel. A Certificate of Service may be written in the following form at the end of the document:

---

[6] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed; "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number."). A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

[7] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

> I hereby certify that a copy of the above <u>(name of document)</u> was mailed, first class, U.S. mail, to <u>(name of opposing party or counsel)</u> at <u>(address)</u> on <u>(date of delivery for mailing to correctional officer)</u>.
>
> (Signature)

Any paper received by a District Court Judge or Magistrate Judge which does not include a Certificate of Service indicating that each Defendant was served with a copy of that document will be disregarded by the Court.

13. Each litigant is responsible for keeping a copy of each document filed with the Court. When you send a document to the Court, you will receive a Notice of Electronic Filing ("NEF") from the Court that will inform you of when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

14. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, Mr. Burns may not write letters to, or call, a judge directly. Any request for action by the Court during these proceedings must be filed with the Clerk of Court as a motion.

Case No. 3:20-cv-00227-JMK, *Burns v. Miranda*
Order Directing Service and Response
Page 5 of 7
Case 3:20-cv-00227-JMK   Document 8   Filed 11/06/20   Page 5 of 7

15. A motion should contain the information identified in the caption of this Order and should be titled "Motion for (<u>add the relief requested</u>)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. This Court's Local Civil Rule 7.4 requires that motions be filed with a proposed order that the Court can issue, if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

16. The Clerk of Court is directed to send a copy of the Court's Motion form, PS15, to Mr. Burns with this order.

17. All documents filed with the Clerk of Court must contain an original signature, and must be mailed to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

18. The Clerk of Court is directed to send Mr. Burns a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court," with this order.

19. Mr. Burns is warned that, if the Defendant prevails in this action, he may be ordered to pay costs and attorney's fees to the Defendant.[8]

---

[8] *See* 28 U.S.C. § 1915(f); Fed. R. Civ. P. 54(d).

Case No. 3:20-cv-00227-JMK, *Burns v. Miranda*
Order Directing Service and Response
Page 6 of 7
Case 3:20-cv-00227-JMK   Document 8   Filed 11/06/20   Page 6 of 7

DATED this 6th day of November, 2020 at Anchorage, Alaska.

*/s/Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

Case No. 3:20-cv-00227-JMK, *Burns v. Miranda*
Order Directing Service and Response
Page 7 of 7
Case 3:20-cv-00227-JMK   Document 8   Filed 11/06/20   Page 7 of 7